**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SALVADOR ERNESTO CACERES CALDERA,** Petitioner, v. **JAMES JANECKA et al.,** Respondents. | **NO. 5:26-cv-05438-KS** **MEMORANDUM OPINION AND ORDER** |

Before the Court is a Verified Petition for Writ of Habeas Corpus ("Petition") filed by retained counsel for Petitioner Salvador Ernesto Caceres Caldera ("Petitioner") on September 17, 2026. (Dkt. No. 1.) For the following reasons, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a native and citizen of Nicaragua who allegedly "traveled to and from the United States lawfully pursuant to a tourist visa more than ten times in the past ten years" and "[m]ost recently, the United States issued Petitioner a tourist visa on April 4, 2017 that had an expiration date of April 2, 2027." (Dkt. No. 1 ¶ 13.) Petitioner also separately alleges that, on January 23, 2024, the United States Department of Homeland Security granted Petitioner humanitarian parole with an authorized period of parole through January 21, 2026. (*Id.* ¶ 16.) Further, Petitioner alleges that he filed an application for asylum on January 22, 2025, and

based on that application, the United States Citizenship and Immigration Services ("USCIS") "approved Petitioner for employment authorization valid through July 31, 2030." (*Id.* ¶¶ 16, 17.)

Petitioner further alleges that he:

> had been in a relationship with his partner for more than ten years before they married approximately one year ago. Less than three weeks before this Petition was filed, Petitioner's wife gave birth to their first child. Petitioner is the primary financial provider for his family. [¶] Petitioner has no criminal history in the United States. Throughout the two and a half years since his parole began, he complied with every obligation the government imposed on him.

(*Id.* ¶¶ 18, 19.)

On September 10, 2026, Petitioner ostensibly appeared as instructed for a scheduled asylum interview with USCIS, at which time he was taken into custody by the Department of Homeland Security without notice or an opportunity to be heard. (*Id.* ¶¶ 21-25.) Petitioner was then charged as removable with his first hearing set for October 6, 2026. (*Id.* ¶ 26.) Petitioner is being held at the Adelanto ICE Processing Center. (*Id.* ¶ 2.)

On September 17, 2026, Petitioner filed the pending Petition seeking his immediate release based on alleged violations of Fifth Amendment procedural and substantive due process. (*Id.* ¶¶ 48-58 and Prayer for Relief ¶ 2.) On the same day, the parties consented to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. (Dkt. No. 3; *see also* Dkt. No. 4 at 9.) On September 18, 2026, Petitioner's counsel filed a "Motion and Ex Parte Motion for Temporary Restraining Order" ("TRO

Motion") also seeking Petitioner's immediate release and other relief related to his conditions of release. (Dkt. No. 6.) Also on September 18, 2026, the Court's Notice of General Order 26-05 and Briefing Schedule was issued, which required that Respondents file an Answer to the Petition by September 25, 2026. (Dkt. No. 4.)

On September 21, 2026, the Court issued a briefing schedule on Petitioner's TRO Motion. (Dkt. No. 7.) The briefing schedule directed Respondents to file a response to the TRO Motion on or before September 25, 2026, and gave Respondents the option of filing a combined response to the TRO Motion and underlying Petition. (*Id.*)

On September 25, 2026, Respondents filed a combined Response. (Dkt. No. 9.) In the Response, Respondents argue that Petitioner is not eligible for bond release because he is characterized as an "arriving alien," and that Petitioner has no procedural due process protections as a parolee. (Dkt. No. 9 at 3-4.)

On September 28, 2026, Petitioner's counsel filed a Reply. (Dkt. No. 10.) The matter is now submitted for decision. In light of the fact that the claims in the Petition are fully briefed and the Court now addresses the ultimate issues in this proceeding, the Court DENIES the TRO Motion as MOOT.

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). District courts may grant a writ of habeas corpus where a petitioner demonstrates they are "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to postremoval-period detention.").

**DISCUSSION**

The Fifth Amendment Due Process Clause provides that no person shall be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. Thus, nonpunitive government detention violates the Due Process Clause unless the detention is ordered "in certain special and narrow . . . circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* (citations omitted).

"In the context of immigration detention, it is well-settled that 'due process requires adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Hernandez v. Sessions*, 872 F.3d 976, 990 (2017) (*quoting Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)). When determining what procedures are required by due process, courts weigh the three factors outlined in *Mathews v. Elridge*, 424 U.S. 319, 335 (1976) – (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the government's interest.

## DISCUSSION

As to the first *Mathews* factor, the private interest at stake weighs strongly in Petitioner's favor. Petitioner is allegedly the primary financial provider for his family in the Unites States, has no criminal history in the United States, and has "complied with every obligation the government imposed on him" since he was released on humanitarian parole. Petitioner also has been in a relationship domestically with his partner for more than ten years, was married approximately one year ago, and Petitioner's wife gave birth to their first child less than three weeks before the Petition was filed. (Dkt. No. 1 ¶¶ 18, 19.) Therefore, Petitioner has a significant liberty interest in remaining out of custody. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects."); *see also Ortiz v. Warden*, No. 5:26-cv-03915-MAR, 2026 WL 2138601, at *3 (C.D. Cal. July 22, 2026) (finding the first *Mathews* factor to be satisfied in part "by the time [the petitioner] has lived in the United States and the connections she has made during that time."); *see also Tinoco v. Noem*, 818 F. Supp. 3d 1141, 1152 (E.D. Cal. 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

As to the second *Mathews* factor, "the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest his detention." *Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871, 878 (C.D. Cal. 2026); *see also Quijada v. Semaia*, No. 5:26-cv-01540-AB-DSR, 2026 WL 1182196, at *6 (C.D. Cal. Apr. 20, 2026) ("The risk of an erroneous deprivation of liberty is high where, as here, the petitioner has not received any bond or custody redetermination hearing.") (citation, internal quotation marks, and brackets omitted). The Court finds this factor weighs particularly heavily in Petitioner's favor in light of the circumstances presented here. To the extent Petitioner was initially released on humanitarian parole, at some point it was apparently determined that Petitioner was not a flight

risk or danger to the community. *See Pinchi v. Noem*, 792 F.Supp.3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [the noncitizen detainee] if she was a danger to the community or a flight risk, the Court must infer from [the noncitizen detainee's] release that ICE determined she was neither."). Then, to the extent that parole expired and Petitioner remained out of custody, the government apparently found it unnecessary to continue to impose *any* conditions of parole as a prerequisite to petitioner's freedom. The government has not demonstrated any subsequent change in circumstances justifying such a drastic and sudden alteration of course, i.e., randomly re-detaining Petitioner when he appeared at a scheduled asylum appointment and then scheduling him for a delayed, *post-deprivation* re-determination of flight risk and danger to the community. *See Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211459, at *7 (C.D. Cal. Pct. 9, 2025) (quoting *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025)) ("The risk of erroneous deprivation of this interest is high, as ICE takes the position that it may revoke a release determination at any time without either a hearing before or additional oversight from a neutral adjudicator.")).

Finally, as to the third *Mathews* factor – "the government's interest in detaining Petitioner without a bond hearing is low." *Drake v. Warden*, No. 1:26-cv-02242-KES-CDB (HC), 2026 WL 1601546, at *10 (E.D. Cal. June 4, 2026); *see also R.I. v. Wofford*, No. 1:25-cv-01637-KES-SKO (HC), 2025 WL 3768205, at *7 (E.D. Cal. Dec. 31, 2025) ("[A]lthough the government has a strong interest in enforcing the immigration laws, the government's interest in detaining petitioner without a hearing is low.") (citation and internal quotation marks omitted); *see also Jensen v. Garland*, No. 5:21-cv-01195-CAS (AFM), 2023 WL 3246522, at *6 (C.D. Cal. May 3, 2023) ("[T]he government's interest in detaining a noncitizen without a bond hearing is not as weighty as the petitioner's interest."); *Galdillo v. United States*, No. EDCV 21-724 JGB (KKx), 2021 WL 4839502, at *3 (C.D. Cal. May 7, 2021) (same).

\\

On balance, the *Mathews* factors demonstrate that Petitioner's detention without notice or a pre-deprivation hearing violated his right to procedural due process. Because the Court finds that Petitioner is entitled to habeas relief on procedural due process grounds, it need not address Petitioner's remaining claim.

## ORDER

For the foregoing reasons, the Petition is **GRANTED**. **IT IS ORDERED** that Respondents shall immediately release Petitioner **Salvador Ernesto Cáceres Caldera (A-Number 233-443-456)** from custody and return any property seized from him in the course of his arrest and detention if they have not already done so. **IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner without notice and a meaningful opportunity to be heard before an immigration judge to determine whether detention is appropriate.[1] Judgment will be entered accordingly.

DATED: September 30, 2026

KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

[1] Petitioner also requests an award of costs and attorney fees. (Dkt. No. 1 at 15.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.